

# NUMBER 13-18-00502-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### EX PARTE ADRIAN GARZA

**On appeal from the 430th District Court
of Hidalgo County, Texas.**

# OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Opinion by Chief Justice Contreras**

Appellant Adrian Garza appeals the dismissal of his petition for writ of habeas corpus. By two issues, which we treat as one, Garza argues that the trial court erred when it dismissed his petition. We affirm.

### I.    BACKGROUND

In his petition, Garza states that he is "being restrained in his liberty by virtue of a Final Protective Order signed on October 25, 2013 . . . ." Garza, now an adult, was a

minor when the protective order was signed after Garza was charged with the criminal offense of indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. ch. 7A (titled "Protective Order for Victims of Sexual Assault or Abuse, Indecent Assault, Stalking, or Trafficking"); TEX. PENAL CODE ANN. § 21.11 (defining the offense of indecency with a child).

Garza, represented by counsel, agreed to a "Deferred Prosecution Agreement" with the State as to the offense.[1] According to Garza, he successfully completed the requirements of the agreement, and the State dismissed the charge. In Garza's affidavit submitted in support of his petition, Garza states that "[t]wo weeks after the entry into the Deferred Prosecution Agreement, the State filed an application for protective order against me, alleging the same conduct made the basis of the juvenile indecency with a child case." *See* TEX. CODE CRIM. PROC. ANN. art. 7A.01.[2] In the protective order proceedings, the trial court appointed a different attorney to represent Garza. The court-appointed attorney advised Garza to agree to the protective order, and Garza did. The protective order is effective for the remainder of Garza's life. *See id.* art. 7A.07 (providing

---

[1] A "Deferred Prosecution Agreement" is an agreement entered into between a criminal defendant and the State before a criminal trial takes place. *See D.J.H. v. Hays Cty. Attorney*, No. 03-17-00159-CV, 2018 WL 2016283, at *2 (Tex. App.—Austin May 1, 2018, no pet.) (mem. op.); *State v. Misiaszek*, No. 03-13-00728-CR, 2014 WL 7149177, at *1 (Tex. App.—Austin Dec. 10, 2014, no pet.) (mem. op., not designated for publication). The agreement allows for the charge to be dismissed if the defendant fulfills specified conditions for an agreed term in exchange for a confession that the criminal allegations are true. *See, e.g.*, *D.J.H.*, 2018 WL 2016283, at *2; *Misiaszek*, 2014 WL 7149177, at *1. In the affidavits attached to Garza's petition, Garza and his mother both state that Garza never admitted to committing indecency with a child under the agreement.

[2] In Texas, a protective order may also be sought under the family code. *See* TEX. FAM. CODE ANN. tit. 4; *R.M. v. Swearingen*, 510 S.W.3d 630, 633 (Tex. App.—El Paso 2016, no pet.) ("There are two statutory schemes governing protective orders to this case: one is set by Title 4 of the Texas Family Code, and the other is set by Article 7A of the Texas Code of Criminal Procedure.").

2

that a "protective order issued under Article 7A.03 may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order").[3]

In his petition for writ of habeas corpus, Garza argues that he received ineffective assistance of counsel in the protective order proceeding because counsel advised him to agree to the order without conferring with Garza's criminal attorney and without investigating the allegations regarding the criminal charge. Further, Garza argues that counsel never advised him of the consequences of agreeing to that order, including an inability to join the military, to seek a career in law enforcement, or to obtain a license to carry a handgun. The same trial judge that signed the protective order presided over Garza's petition for writ of habeas corpus.

The State subsequently filed a motion to dismiss arguing, among other things, that no constitutional rights were implicated in the protective order proceeding. Garza filed a response and the State amended its motion. On July 11, 2018, the trial court issued an order that included findings of fact and conclusions of law, denying Garza's request for relief and dismissing his petition.

In its order, the trial court took judicial notice that it appointed counsel to Garza in the protective order proceeding under its discretionary power. *See* TEX. GOV'T CODE ANN.

---

[3] The code of criminal procedure provides that the following persons may at any time file an application with the court to rescind a protective order under chapter 7A:

> (1) a victim of an offense listed in Article 7A.01(a)(1) who is 17 years of age or older or a parent or guardian acting on behalf of a victim who is younger than 17 years of age; or

> (2) a victim of an offense listed in Article 7A.01(a)(2) or a parent or guardian acting on behalf of a victim who is younger than 18 years of age.

TEX. CODE CRIM. PROC. ANN. art. 7A.07(b); *see R.M.*, 510 S.W.3d at 634; *see also* TEX. CODE CRIM. PROC. ANN. art. 7A.07(a)(1).

§ 24.016 (providing that a "district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he [or she] is too poor to employ counsel to attend to the cause"); *see also Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996) (orig. proceeding). The trial court concluded that Garza was not entitled to counsel in the protective order proceedings as a matter of right and, therefore, his argument of ineffective assistance of counsel was inapplicable.

This appeal followed.

## II.    DISCUSSION

By his sole issue, Garza argues that the trial court erred when it denied his request for relief and dismissed his petition.

### A. Standard of Review & Applicable Law

We review a trial court's decision on an application for a writ of habeas corpus under an abuse of discretion standard. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see In re Guerrero*, 440 S.W.3d 917, 922 (Tex. App.—Amarillo 2014, orig. proceeding); *see also Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The test for abuse of discretion is whether the court acted without reference to guiding rules and principles. *In re Nat'l Lloyds Ins.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam).

Habeas relief is available only to remedy jurisdictional defects or violations of constitutional or fundamental rights. *Ex parte Ramey*, 382 S.W.3d 396, 397 (Tex. Crim. App. 2012). The applicant bears the burden of showing by a preponderance of the evidence that he or she is entitled to relief. *Ex parte Fassi*, 388 S.W.3d at 886. Preponderance of the evidence means the greater weight and degree of credible

4

evidence that would create a reasonable belief in the truth of the matter. *Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 706 n.8 (Tex. App.—Amarillo 2018, pet. denied). We consider the evidence presented in the light most favorable to the trial court's ruling regardless of whether the court's findings are implied or explicit, or based on affidavits or live testimony. *Ex parte Fassi*, 388 S.W.3d at 886. If the resolution of the ultimate question turns on an application of legal standards, then we review the issue de novo. *Id.*

Ineffective assistance of counsel is a constitutional claim that is only available in very limited situations. *In re G.J.P.*, 314 S.W.3d 217, 223 (Tex. App.—Texarkana 2010, pet. denied). Generally, it can be raised only in criminal cases (where loss of freedom is at stake) and parental rights termination cases (where the relationship between parent and child is permanently severed). *Id.* It provides a complete remedy: setting aside the decision of the trial court. *Id.* The doctrine of ineffective assistance of counsel, however, does not apply to civil cases where there is no constitutional or statutory right to counsel. *Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.) (op. on reh'g); *see Turner v. Rogers*, 564 U.S. 431, 441–43 (2011).

In *Lassiter*, the United States Supreme Court set out a test for determining when the constitutional right to appointed counsel may be invoked in civil proceedings:

> [T]hree elements to be evaluated in deciding what due process requires [are] the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions. We must balance these elements against each other, and then set their net weight in the scales against the presumption that there is a right to appointed counsel *only where the indigent, if he is unsuccessful, may lose his personal freedom.*

*Lassiter v. Dep't of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 28–33 (1981) (emphasis added); *see Turner*, 564 U.S. at 443 (noting that "the Court previously had

found a right to counsel '*only*' in cases involving incarceration, not that a right to counsel exists in *all* such cases"); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Thus, for the constitutional right to appointed counsel to apply, an individual must face the threat of actual imprisonment rather than a mere future threat of imprisonment. *See Lassiter*, 452 U.S. at 25–27. In cases regarding protective orders, Texas appellate courts have concluded that a protective order respondent is not constitutionally entitled to counsel. *See Culver*, 360 S.W.3d at 535 ("[Appellant] has not provided this Court with any authority that there is a right to effective assistance of counsel in a protective order case—and we are not aware of any."); *see also Maki v. Anderson*, No. 02-12-00513-CV, 2013 WL 4121229, at *6 (Tex. App.—Fort Worth Aug. 15, 2013, pet. denied) (mem. op.) (per curiam) ("Maki has not cited any authority for the proposition that there is a constitutional or statutory right to counsel in a protective order case, and we are not aware of any."); *Turner v. Roberson*, No. 05-11-01272-CV, 2013 WL 2152636, at *4 (Tex. App.—Dallas May 17, 2013, no pet.) (mem. op.) ("We conclude appellant does not have the right to counsel in the hearing of a protective order."); *Lopez v. State*, No. 12-02-00380-CV, 2003 WL 23015072, at *3 (Tex. App.—Tyler Dec. 23, 2003, pet. denied) (mem. op., not designated for publication) (noting that appellant was not entitled to appointed counsel in protective order proceedings because the "protective order asked that Lopez be restrained, not imprisoned" and "Lopez could suffer confinement in jail only if he violated the protective order and was found in contempt of court").[4]

---

[4] Prior to development of case law concerning this issue, this Court pondered this question in dicta. *See Striedel v. Striedel*, 15 S.W.3d 163, 166–67 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.). Specifically, we stated that "[w]hile not raised as an issue on appeal, because of the scarcity of cases regarding this type of proceeding, we express our concern regarding the trial court's failure to give consideration to the appointment of counsel for appellant." *Id.* We noted that: appellee Laurie Streidel had the benefit of being represented by the State; appellant Mark Streidel faced "the possible deprivation of his

## B. Analysis

For Garza to succeed in his petition for writ of habeas corpus, he must have had a constitutional right to counsel. *See Ex parte Ramey*, 382 S.W.3d at 397; *Culver*, 360 S.W.3d at 535. To trigger the *Lassiter* test to a constitutional right to counsel in the civil protective order proceeding, Garza must have been indigent at the time of the proceeding and, if he lost, the proceeding must have been capable of depriving him of his personal freedom. *See Lassiter*, 452 U.S. at 26–27.

In a protective order issued under Chapter 7A of the code of criminal procedure, a trial court may:

> (1) order the alleged offender to take action as specified by the court that the court determines is necessary or appropriate to prevent or reduce the likelihood of future harm to the applicant or a member of the applicant's family or household; or
>
> (2) prohibit the alleged offender from:
>
>> (A) communicating:
>>
>>> (i) directly or indirectly with the applicant or any member of the applicant's family or household in a threatening or harassing manner; or
>>>
>>> (ii) in any manner with the applicant or any member of the applicant's family or household except through the applicant's attorney or a person appointed by the court, if the court finds good cause for the prohibition;
>>
>> (B) going to or near the residence, place of employment or business, or child-care facility or school of the applicant or any member of the applicant's family or household;

---

liberty inasmuch as he is unable to be in places he would otherwise be allowed"; Mark was required to "enroll in a counseling program which may have otherwise been unnecessary"; and Mark faced incarceration if he failed to abide by the terms of the order. *Id.* at 167. As such, we expressed our belief that that protective order proceeding under the family code was quasi-criminal in nature. *Id.* at 167 n.2. We recommended that the trial court give "additional consideration" to appellant's right to appointed counsel if a retrial were to take place. *Id.* at 167. Here, the issue has been raised and is directly before us, and we join the majority of courts who have considered this issue to conclude that no such right exists.

(C) engaging in conduct directed specifically toward the applicant or any member of the applicant's family or household, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person; and

(D) possessing a firearm, unless the alleged offender is a peace officer, as defined by Section 1.07, Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

(b) In an order under Subsection (a)(2)(B), the court shall specifically describe each prohibited location and the minimum distance from the location, if any, that the alleged offender must maintain. This subsection does not apply to an order with respect to which the court has received a request to maintain confidentiality of information revealing the locations.

TEX. CODE CRIM. PROC. ANN. art. 7A.05. A person who violates the order may be punished for contempt of court by a fine as much as $500 or by confinement in jail for as long as six months, or both. *Id.* art. 7A.06(a); *see also* TEX. FAM. CODE ANN. § 85.026(a) (providing for the same). And a person who violates the order by committing an act that is prohibited by the order may be punished by a fine up to $4,000 or by confinement in jail for a year, or both. TEX. CODE CRIM. PROC. ANN. art. 7A.06(b); *see also* TEX. FAM. CODE ANN. § 85.026(a) (providing for the same).

This is not a threat of liberty that required due process protections and the appointment of counsel. *See Turner*, 564 U.S. at 443; *Lassiter*, 452 U.S. at 26–27; *In re Gault*, 387 U.S. 1, 41 (1967) ("We conclude the Due Process Clause of the Fourteenth Amendment requires that in respect to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his [or her] parents must be notified of the child's right to be represented by counsel . . . ."). The protective order proceeding was not capable of depriving Garza of his personal freedom; rather, it exposed him to the possibility that he could lose his personal freedom

8

if he violated the conditions of an imposed order and was found guilty of contempt. *See* TEX. CODE CRIM. PROC. ANN. art. 7A.06; *see also Lopez*, 2003 WL 23015072, at *3 (noting that "the application for protective order asked that Lopez be restrained, not imprisoned"). Finally, the order itself does not appear in the record, and we are therefore unable to discern what specific limitations it applied to Garza. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (noting that "freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause"); *Ex parte Fassi*, 388 S.W.3d at 886 (stating that an applicant for a writ of habeas corpus "bears the burden of establishing by a preponderance of the evidence that the facts entitle him [or her] to relief").

Based on the record before us, we conclude that Garza failed to carry his burden to prove by a preponderance of the evidence that he had a constitutional right to counsel for the protective order proceeding.[5] *See Lassiter*, 452 U.S. at 26–27; *Batra*, 562 S.W.3d at 706 n.8; *Ex parte Fassi*, 388 S.W.3d at 886. Accordingly, the trial court did not abuse its discretion when it denied relief and dismissed his petition. *See In re Nat'l Lloyds Ins.*, 507 S.W.3d at 226; *Ex parte Fassi*, 388 S.W.3d at 886.

We overrule Garza's sole issue.

### III.  CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
23rd day of April, 2020.

---

[5] This does not mean that attorneys are not required to provide competent services or that there is no remedy for their failure. *In re G.J.P.*, 314 S.W.3d 217, 223 (Tex. App.—Texarkana 2010, pet. denied). Just as in any professional undertaking, attorneys have the obligation to perform in a competent, nonnegligent manner and the failure to do so may subject attorneys to claims of professional negligence. *Id.*