

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00052-CV

---

IN THE MATTER OF THE MARRIAGE OF
JODI PEARSON AND CHARLES PEARSON AND
IN THE INTEREST OF C.P., P.P., AND E.P., CHILDREN

---

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. FM20063

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

This is an appeal from the final decree of divorce between Jodi Pearson and Charles Pearson on the ground of insupportability. *See* TEX. FAM. CODE ANN. § 6.001. In dividing community property, the trial court ordered the sale of the marital home, which was the main asset of the community estate, and provided that Jodi would receive sixty percent of the profits of the sale, with the remaining forty percent going to Charles.[1]

On appeal, Charles argues that (1) the trial court erred by failing to enter findings of fact and conclusions of law and (2) the trial court's division of the marital home was inequitable. We find that the lack of findings of fact and conclusions of law did not result in harmful error since the trial court provided the reasons for its ruling on the record. We further find that the trial court's division of the marital home was not an abuse of discretion. Accordingly, we affirm the trial court's judgment.

## I. Factual Background

Charles and Jodi were married in 2010 and had three children. In 2021, Jodi filed a petition for divorce from Charles, accusing him of cruel treatment. In her request for a greater share of the martial property, Jodi asked the trial court to consider fault in the breakup of the marriage, tortious conduct committed by Charles against her, and the need for her future support, among other things. Charles filed a counterpetition for divorce, also asking for a greater share of marital property based on fault in the breakup of the marriage.

---

[1]The evidence established that Jodi's grandmother had lent the couple the money to purchase the marital home and that there was a balance on that loan. As a result, the trial court also required each party to pay fifty percent "of any third-party liens against the marital residence . . . to effectuate the sale of the property."

At the final hearing, Jodi testified that the reason for the separation was because Charles "had become quite violent . . . until [she] started to be afraid for [her] life" and left without her children.[2] According to Jodi, she suffered over thirty instances of domestic violence and had called the police approximately twenty times. Jodi also said that Charles had choked her twice. Jodi testified that the police had arrested Charles for domestic violence, "but he was subsequently let out right after, and he kept coming back to the house." Jodi said that she took photos of bruises left by Charles on occasions where he "banged [her] into [a] wall," "slapped" her, "punched" her belly, and "kicked the back of [her] legs out from under [her]," causing her to fall on her bottom. The photos were admitted into evidence for the trial court's consideration.

Jodi also testified that she "received several fractures in [her] teeth from being punched in the mouth, having [her] face slammed against things," and she sought dental treatment after leaving Charles. She testified that the cost of the dental treatment was over $15,000.00 and asked the trial court to assess that cost against Charles. When asked why she remained in the relationship, Jodi testified that she was not working and was the primary caretaker for their three children.

Jodi said that, in 2018, she was diagnosed with lupus, which became debilitating and prevented her from performing certain tasks. Jodi, who said she could not work because of her lupus, requested spousal maintenance in the amount of $1,000.00 per month.

---

[2]Child Protective Services became involved with the children. Jodi explained that her previously unsupervised visits in that proceeding had become restricted because one of her children almost drowned in a pool while in her possession. Another court had already entered an order in a suit affecting the parent-child relationship, which appointed Charles as the permanent managing conservator of the children and Jodi as a possessory conservator. Pursuant to that order, the parties were to have possession of the children "at times mutually agreed to in advance by the parties," or, in the absence of mutual agreement, according to a visitation schedule giving Jodi supervised visitation every first and third Saturday of each month. The trial court adopted those rulings in its final order.

While the trial court heard testimony from Charles's girlfriend, Charles, although present, did not testify at the final hearing.

The trial court admitted a copy of Charles's psychological evaluation conducted by licensed psychologist, Dan Boynton. The evaluation resulted in a diagnosis of Bipolar I Disorder, Posttraumatic Stress Disorder, and Generalized Anxiety Disorder. The evaluation, conducted on January 27, 2021, stated that Charles acknowledged having anger issues, being arrested, and getting into physical fights.

After hearing the evidence, the trial court entered a letter ruling stating that Jodi's "dental expenses [were] taken into consideration in the division of the marital home." The letter ruling also stated that "[Jodi]'s request for spousal maintenance [was] taken into consideration in the division of the marital home, and otherwise denied as a stand-alone request for relief." As a result, the trial court awarded Jodi "[sixty percent] of the net profit of the sale of the marital residence, after expenses."[3]

## II. Charles Was Unharmed by the Lack of Findings of Fact and Conclusions of Law

Charles complains that the trial court erred by failing to issue findings of fact and conclusions of law because he timely requested such filings and timely filed a notice of past due findings. *See* TEX. R. CIV. P. 296, 297. "Following a proper request and reminder, it is mandatory for a trial court to make and file findings of fact and conclusions of law." *In re Marriage of Moore*, No. 06-22-00035-CV, 2022 WL 10827051, at *3 (Tex. App.—Texarkana

---

[3]The trial court also awarded the community estate's only vehicle, a Chevrolet Traverse, to Charles, along with "any remaining debt on the vehicle." The testimony at trial established that Charles was making payments on the vehicle during the marriage but stopped doing so. As a result, the vehicle was being repossessed.

Oct. 19, 2022, pet. denied) (mem. op.) (quoting *Culver v. Culver*, 360 S.W.3d 526, 538 (Tex. App.—Texarkana 2011, no pet.)). Even so, any error in failing to make properly requested findings is harmless if the appellate record affirmatively shows lack of injury. *Id.* As a result, "[w]hen, as here, 'the trial court announces its reasons for its ruling in open court, the appellant's ability to present the appeal is not harmed because there was no need to guess the reasons for the trial court's adverse ruling.'" *Id.* (quoting *Culver*, 360 S.W.3d at 538).

In this case, the trial court set forth its reasons for its disproportionate disposition of the marital property in a letter ruling filed in the clerk's record. Since "we are not forced to guess the basis of the trial court's reasoning[,] . . . we find that the trial court's error was not harmful." *Id.* (citing *Culver*, 360 S.W.3d at 538). We overrule this issue.

## III. There Was No Abuse of Discretion in the Division of the Marital Home

Charles's main complaint concerns the unequal disposition of the community estate's main asset, but "[t]he division of community property need not be equal." *In re Marriage of Lewis*, No. 06-19-00046-CV, 2020 WL 34919, at *3 (Tex. App.—Texarkana Jan. 3, 2020, no pet.) (mem. op.) (citing *In re Marriage of Mozley*, No. 06-16-00004-CV, 2016 WL 4256926, at *3 (Tex. App.—Texarkana Aug. 12, 2016, no pet.) (mem. op.)). Instead, it need only be "just and right, having due regard for the rights of each party." *Id.* (quoting *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018)).

In making this determination, trial court's consider the following *Murff*[4] factors: "the spouses' capacities and abilities, benefits which the party not at fault would have derived from

---

[4]*Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property." *Id.* at *3–4 (quoting *In re Marriage of Williams*, No. 06-18-00041-CV, 2018 WL 6424245, at *5 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (mem. op.)). Also, "[t]he court may consider the 'fault in breaking up the marriage[,'] though the community-property division 'should not be a punishment for the spouse at fault.'" *Id.* at *4 (second alteration in original) (quoting *Bradshaw*, 555 S.W.3d at 543).

### A.    Standard of Review

"Because the standards for dividing a community estate involve the exercise of sound judgment, a trial court must be accorded much discretion in its decision." *Id.* (quoting *Bradshaw*, 555 S.W.3d at 543). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" *Id.* (quoting *Bradshaw*, 555 S.W.3d at 543). "The appellate court cannot merely reweigh the evidence." *Id.* (quoting *Bradshaw*, 555 S.W.3d at 543). "Accordingly, we will reverse the trial court's judgment only where it 'clearly abused its discretion and if the error materially affects the court's just and right division of the property.'" *Id.* (quoting *In re Marriage of Williams*, 2018 WL 6424245, at *4). "Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion, but they are not independent grounds of error." *Id.* (quoting *In re Marriage of Williams*, 2018 WL 6424245, at *4 n.7). "If there is any reasonable basis for doing so, we must

6

presume that the trial court properly exercised its discretion." *Id.* (quoting *In re Marriage of Williams*, 2018 WL 6424245, at *4).

"The party complaining of the trial court's property division must demonstrate from evidence in the record that the division was so unjust that the trial court abused its discretion." *Id.* (quoting *In re Marriage of Williams*, 2018 WL 6424245, at *4). "In determining whether an abuse of discretion has occurred, we view the evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment." *Id.* (quoting *In re Marriage of Ford*, 435 S.W.3d 347, 350 (Tex. App.—Texarkana 2014, no pet.)).

## B.    Analysis

Charles complains on appeal that the division of the marital estate is inequitable, especially because he is currently the managing conservator of the children.[5] Even so, Charles does not address the reasons for the trial court's award of a greater portion of the home's proceeds to Jodi.

The trial court expressed in writing that its award favoring Jodi considered the dental expenses she paid to repair her teeth due to Charles's abuse. In making such a finding, the trial court made an implied finding that Charles's physical abuse of Jodi contributed to the breakup of the marriage. While Charles admits in his brief that "the trial court could have considered Jodi's allegations of . . . his verbal and physical abuse of Jodi," Charles argues that the trial court did not do so because the divorce was granted based on insupportability. Yet, "even in a no-fault divorce, a trial court may consider fault in making a disproportionate property division."

---

[5]This Court understands that parties' circumstances in child-custody matters are often subject to change.

*Willingham v. Willingham*, No. 02-22-00398-CV, 2023 WL 4501832, at *2 (Tex. App.—Fort Worth July 13, 2023, no pet.) (mem. op.); *see Cyree v. Cyree*, No. 03-21-00319-CV, 2022 WL 17835215, at *4 (Tex. App.—Austin Dec. 22, 2022, no pet.) (mem. op.); *In re Marriage of Williams*, No. 06-18-00041-CV, 2018 WL 6424245, at *5 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (mem. op.); *Mohindra v. Mohindra*, No. 14-06-00056-CV, 2007 WL 3072057, at *2 (Tex. App.—Houston [14th Dist.] Oct. 23, 2007, no pet.) (mem. op.) ("Courts, including this one, have acknowledged that fault may be considered [as a factor in dividing a marital estate,] even in the context of a no-fault divorce."); *In re Marriage of Brown*, 187 S.W.3d 143, 145–46 (Tex. App.—Waco 2006, no pet.) (concluding that the "trial court [has] discretion to consider proven fault" in division of property regardless of basis for granting divorce)).

Next, Charles argues that the trial court did not enter findings on the *Murff* factors relating to the spouses' capacities and abilities, benefits that Jodi would have derived from continuation of the marriage, business opportunities, and financial conditions, but the letter ruling demonstrates otherwise. *See Murff*, 615 S.W.2d at 699. It shows that the trial court considered Jodi's request for spousal maintenance, which was available to her on a finding that she would "lack sufficient property . . . on dissolution of the marriage to provide for [her] minimum reasonable needs and . . . [that she] ha[d] been married to [Charles] for 10 years or longer and lack[ed] the ability to earn sufficient income to provide for [her] minimum reasonable needs." TEX. FAM. CODE ANN. § 8.051(2)(B). While the trial court denied "a stand-alone request," it considered the request in the division of the marital home. As a result, the trial court's letter ruling contained implied findings that Jodi had less capacity to earn a sufficient

income, she would have continued to derive the benefit of Charles's income had the marriage been continued, she lacked sufficient business opportunity, and she was in poor financial condition when compared to Charles's financial condition.

We conclude that the trial court's division of the marital estate was a just and right division based on the application of relevant *Murff* factors to the evidence presented at the final hearing. Accordingly, nothing shows that the trial court abused its discretion in its community property division or that it was manifestly unjust and unfair to award Jodi a greater share of the proceeds of the marital home. As a result, we overrule Charles's complaint on appeal.

## IV. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: December 12, 2024
Date Decided: January 27, 2025

9