

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00663-CV

**IN THE INTEREST OF C.J., JR.**, a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02667
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: March 11, 2015

AFFIRMED; MOTION TO WITHDRAW GRANTED

The Department of Family and Protective Services filed a petition to terminate the parental rights of Judith R. ("Mother") and Christopher J. ("Father") to their child, C.J., Jr. The trial court found at the conclusion of trial that both Mother and Father failed to comply with their family service plans and that termination of their parental rights is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(O), (2) (West 2014). Mother and Father appeal the trial court's September 8, 2014 judgment terminating their parental rights. We affirm the trial court's judgment as to both parents.

### BACKGROUND

Mother's parental rights to her two older children were previously terminated due to a child fatality involving alcohol abuse, which is the reason the Department got involved soon after C.J.,

Jr. was born. Upon release from the hospital, the Department placed C.J., Jr. in the same foster family with his two older siblings. At the final termination hearing, the only witness was Denise Santos, the Department caseworker. Santos testified that both Mother and Father signed their family service plans, but neither completed any of the required services. The only thing Mother and Father complied with on their family service plans was visiting with C.J., Jr. Specifically, Mother failed to engage in the GED program, counseling, the 12-Step Program, including getting a sponsor, and the parenting classes, and failed to provide proof of income and housing. Father failed to engage in the counseling and parenting services, failed to work the 12-Step Program, including attending AA meetings, and failed to provide proof of employment and safe and stable housing. Santos also testified that both parents seemed to disengage in the process, and she had trouble contacting them because their phones were disconnected. Finally, Santos testified that C.J., Jr. was ten months old at the time of the trial, and that the foster family had indicated a desire to adopt C.J., Jr., but not the two older siblings. Santos stated that the Department would be seeking adoption of C.J., Jr. and the two older siblings together because all three children have bonded. As noted above, the trial court made findings that Mother and Father failed to comply with their family service plans and that termination of their parental rights is in C.J., Jr.'s best interest. TEX. FAM. CODE ANN. § 161.001(1)(O), (2). Both parents appeal.

## FATHER'S APPEAL

Father's court-appointed attorney filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. Counsel concludes that the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04–03–00096–CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying *Anders* procedure in appeal from termination of parental rights), *disp. on merits,* 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no

pet.) (mem. op.). Counsel provided Father with a copy of the brief, and Father was informed of his right to review the record and to file a pro se brief. Father has not filed a pro se brief. After reviewing the record and counsel's brief, we agree that Father's appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.).

### MOTHER'S APPEAL

In her appellant's brief, Mother raises a single issue, contending that her retained attorney rendered ineffective assistance when he wholly failed to appear for the trial on the merits on September 8, 2014. The Department filed its petition on November 6, 2013. That same day, an attorney ad litem was appointed to represent Mother. However, Mother subsequently retained an attorney, Adam Froeschl, to represent her. The record reflects that Mr. Froeschl appeared on Mother's behalf at two hearings: the temporary order hearing held on January 22, 2014 and the initial permanency hearing held on June 17, 2014.[1] However, neither Mother nor Mr. Froeschl appeared at the trial on the merits held on September 8, 2104. The record contains the judge's written notes made on September 8, 2014 stating that Mother and her retained attorney were present at the two prior hearings and "had actual notice of this trial setting." Before proceeding with the trial on the merits, the trial court stated on the record that his notes showed that Mother appeared with Mr. Froeschl "at the 262 hearing, the status hearing, 60-Day [h]earing, so full, actual notice of this court date has been given." Noting C.J., Jr.'s young age, under one year old, the court decided to proceed with the trial in furtherance of the child's best interest. As noted, at the conclusion of trial the court terminated Mother's parental rights to C.J., Jr.

The Sixth Amendment guarantees the right to reasonably effective assistance of counsel, whether retained or appointed, in criminal prosecutions due to the liberty interest at stake.

---

[1] The record also reflects that Mother appeared in person and through her attorney at a status hearing/pre-trial conference held on February 18, 2014. The name of Mother's attorney is not specified in the order for that hearing.

*Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005). The doctrine of ineffective assistance of counsel does not apply in civil cases where there is no constitutional or statutory right to counsel. *Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.) (internal citations omitted). The United States Supreme Court has held there is no absolute due process right to assistance of counsel in parental termination proceedings. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 31-33 (1981) (stating that, rather, the decision whether due process requires the appointment of counsel is to be made on a case-by-case basis by the trial court, subject to appellate review); *see also In re B.L.D.*, 113 S.W.3d 340, 354 (Tex. 2003).

The Texas Legislature has, however, chosen to provide a statutory right to counsel for indigent parents in state-initiated parental termination proceedings. *See* TEX. FAM. CODE ANN. § 107.013(a) (West 2014); *but see In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied) (statutory mandate does not apply in private terminations). The Texas Supreme Court has held this statutory right to appointed counsel for indigent parents necessarily "embodies the right to effective counsel." *In re B.G.*, 317 S.W.3d 250, 253-54 (Tex. 2010) (quoting *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003)). Thus, a parent may challenge an order of termination on the ground that court-appointed counsel rendered ineffective assistance. *In re M.S.*, 115 S.W.3d at 544-45 (applying *Strickland* standard to parental termination cases); *In re J.O.A.*, 283 S.W.3d 336, 341 (Tex. 2009). Indeed, we have recently held that an appointed attorney's complete failure to appear at the trial on the merits, a "critical stage" in a parental termination proceeding, constituted deficient performance that was presumptively prejudicial, warranting reversal of the termination order. *In re J.M.O.*, No. 04-14-00427-CV, 2014 WL 6979661, at *3 (Tex. App.—San Antonio Dec. 10, 2014, no pet. h.) (relying on *Lockwood v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00062-CV, 2012 WL 2383781 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.)).

The facts in this case track those of *In re J.M.O.*, except that here Mother's counsel was retained. Mother cites no authority in support of her ability to raise an ineffective assistance claim against retained counsel in a parental termination case. In fact, we have previously held that a parent who hires his or her own attorney in lieu of the attorney appointed by the court cannot raise an ineffective assistance of counsel challenge to the parental termination order. *See In re V.G.*, No. 04-08-00522-CV, 2009 WL 2767040, at *12 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (mem. op.) (citing *Martin v. Martin*, No. 04-04-00828-CV, 2005 WL 1552763, at *1 (Tex. App.—San Antonio July 6, 2005, no pet.) (mem. op.) (holding "no claim for ineffective assistance of counsel lies in a civil case where counsel is retained")). Our sister court in Amarillo has likewise declined to extend the right to challenge a termination order on the ground of ineffective assistance to cases in which counsel was retained by the parent, noting that the supreme court has not done so. *See In re J.B.*, No. 07-14-00187, 2014 WL 5799616, at *5 (Tex. App.—Amarillo Nov. 6, 2014, no pet.) (mem. op.) (citing *In re V.G.*, 2009 WL 2767040, at *12); *see also Maki v. Anderson*, No. 02-12-00513-CV, 2013 WL 4121229, at *6 (Tex. App.—Fort Worth Aug. 15, 2013, pet. denied) (mem. op.), *cert. denied*, 135 S. Ct. 76 (Oct. 6, 2014) (same holding in context of protective order). Pursuant to *In re V.G.*, we hold that Mother cannot challenge the termination order based on a claim that her retained counsel rendered ineffective assistance. *In re V.G.*, 2009 WL 2767040, at *12.

## CONCLUSION

Based on the foregoing reasons, we overrule Mother's sole issue on appeal and affirm the trial court's judgment as to her. In addition, we affirm the trial court's judgment as to Father and grant the motion to withdraw filed by Father's court-appointed counsel. *See Nichols*, 954 S.W.2d at 85-86; *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Rebeca C. Martinez, Justice