GRACO, INC., Appellant,

v.

CRC, INC. OF TEXAS, Appellee.

No. 05–98–01438–CV.

Court of Appeals of Texas,
Dallas.

May 8, 2001.

John E. Sullivan, Dallas, Scott M. Rusert, Cosgrove, Flynn & Gaskins, PLLP, Mpls., MN, for Appellant.

Carlyle H. Chapman, Jr., Lock Purnell Rain Harrell, Dallas, for Appellee.

Before Justices LAGARDE, ROACH, and FARRIS.[1]

## OPINION

Opinion By Justice DAVID F. FARRIS (Assigned).

This appeal involves a cross-action for indemnity filed by CRC, Inc. of Texas (CRC) against Graco, Inc. (Graco) where both parties were defendants in a products liability action brought by Kelley Lacina. In three issues, Graco challenges the sufficiency of the evidence to support findings that CRC retained counsel and incurred legal fees in the Lacina action and the statutory authority of the court to award such fees. We affirm.

### Background

Lacina sued Graco and CRC, among others, for injuries incurred from the operation of a hydraulic ram manufactured by Graco and sold by CRC. CRC filed a cross-action against Graco for indemnity under section 82.002 of the Texas Civil Practice and Remedies Code. When Lacina's claim was settled, the court dismissed Lacina's

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

action but preserved CRC's cross-action against Graco.

State Farm Lloyds Insurance Company (State Farm) intervened in CRC's suit against Graco, claiming State Farm incurred $107,859.82 in attorney's fees and expenses on CRC's behalf in the Lacina action. Graco moved to strike State Farm's intervention. The court conducted a bench trial concerning damages in CRC's statutory indemnification claim. At trial, Carlyle H. Chapman, Jr. testified that State Farm retained him and his law firm to represent CRC in the Lacina action.

The trial court's final judgment awarded CRC $107,859.82 for attorney's fees and expenses and granted Graco's motion to strike State Farm's intervention. The court filed findings of fact and conclusions of law, finding CRC had retained Chapman and CRC incurred attorney's fees and expenses recoverable under the indemnification statute. On appeal, Graco challenges those findings and conclusions.

### Standard of Review

■ We review a trial court's findings of fact for legal and factual sufficiency of the evidence under the same standards as applied to review jury verdicts for sufficiency of the evidence. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). In reviewing a "no evidence" point of error, we consider only the evidence and inferences that tend to support the challenged findings and disregard all evidence and inferences to the contrary. *Id.* We review a factual sufficiency challenge by examining all of the evidence presented at trial and setting aside the finding only when it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

■ We review conclusions of law *de novo. See Dallas County v. Sweitzer,* 881 S.W.2d 757, 763 (Tex.App.—Dallas 1994, writ denied) (op. on reh'g). We review the legal conclusions drawn from the facts found to determine their correctness. *Id.*

### Collateral Source Rule

■ In its second issue, Graco challenges the legal and factual sufficiency of the evidence to support the trial court's findings that CRC incurred $107,859.82 in attorney's fees and expenses in this case. We have reviewed the record under the appropriate standards of review. The undisputed evidence shows that State Farm retained Chapman on CRC's behalf, Chapman's law firm represented CRC in the Lacina action, and Chapman billed State Farm $107,859.82 for that representation. Graco has not challenged the amount or reasonableness of the fees and expenses incurred.

Graco argues that because State Farm rather than CRC retained Chapman, CRC incurred no obligation to pay Chapman and, thus, CRC incurred no compensable losses. CRC asserts the collateral source rule allows it to recover fees incurred by State Farm on CRC's behalf. In the alternative, CRC contends it incurred the legal fees because CRC was legally obligated to pay the fees if State Farm failed to make payment.

[6] The collateral source rule bars a wrongdoer from offsetting his liability by insurance benefits independently procured by the injured party. *Mid–Century Ins. Co. v. Kidd,* 997 S.W.2d 265, 274 (Tex. 1999); *Brown v. Am. Transfer & Storage Co.,* 601 S.W.2d 931, 934 (Tex.1980). Under the collateral source rule, Graco would not be relieved of its duty to pay CRC's attorney's fees merely because CRC's defense was provided by State Farm. Graco argues the collateral source rule does not apply because the issue does not concern

who *paid* Chapman's fees, but rather who *incurred* the fees and, therefore, whether CRC sustained a loss that was compensable under the indemnification statute.[2] Graco urges us to narrowly construe the indemnification statute. According to Graco, because the statute allows compensation only for losses actually incurred by sellers, the legislature intended to only protect the sellers, not the sellers' insurance companies.

In construing a statute, our primary aim is to give effect to the legislature's intent. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 383 (Tex.2000). When determining legislative intent, we look to the language of the statute, its legislative history, the objective sought, and the consequences that would flow from alternate constructions. *Id.* We must reject an interpretation of a statute that defeats the legislative purpose when another reasonable interpretation exists. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 662 (Tex.1996).

Before the adoption of this statute, the common law placed an onerous burden on sellers to prove a product defective before having a right of indemnity against manufacturers. *Freightliner Corp. v. Ruan Leasing Co.,* 6 S.W.3d 726, 729 (Tex.App.—Austin 1999), *aff'd sub nom. Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 Tex.Sup.Ct.J. 549, 2001 WL 299090 (Mar. 29, 2001). The statute protects innocent sellers; it places primary liability on manufacturers, who are usually in a better position to recognize and remedy defects. *See Freightliner Corp.,* 6 S.W.3d at 729; *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 868–69 (Tex.1999) (broadly interpreting manufacturer's duty to indemnify sellers, even sellers not in chain of distribution). The statute ensures that the relatively small seller need not fear litigation involving problems that are not in its control. *Fitzgerald,* 996 S.W.2d at 868. The statute also establishes uniform rules of liability so that manufacturers can make informed business decisions and plaintiffs can understand their rights. *Id.* at 868–69.

We conclude that the collateral source rule applies to this case and, therefore, CRC incurred the legal fees and expenses that were provided by CRC's insurance company. When CRC purchased insurance from State Farm, CRC paid State Farm to provide legal representation for CRC in such litigation. Chapman, although retained and paid by State Farm, provided services to State Farm's insured, CRC, valued at $107,859.82. Graco's nar-

---

**2.** The pertinent portions of the indemnification statute provide:

(a) A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

(b) For purposes of this section, "loss" includes court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages....

(e) The duty to indemnify under this section:

(1) applies without regard to the manner in which the action is concluded; and

(2) is in addition to any duty to indemnify established by law, contract, or otherwise....

(g) A seller is entitled to recover from the manufacturer court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages incurred by the seller to enforce the seller's right to indemnification under this section.

TEX.CIV.PRAC. & REM.CODE ANN. § 82.002 (Vernon 1997).

row construction of the statute, disallowing payment of attorney's fees when the seller's defense was provided by its insurance carrier, would have consequences that defeat the legislative purpose behind this indemnification statute. Such a construction would likely impair a seller's ability to obtain legal representation in product liability claims. Such a requirement would also likely prolong an innocent seller's involvement in the product liability litigation. *See Freightliner Corp.*, 6 S.W.3d at 731 (rejecting interpretation of statute that would encourage manufacturers to make bogus claims of negligence against innocent seller in attempt to avoid duty to indemnify). Because the collateral source rule applies, we conclude the evidence supports the trial court's finding CRC incurred $107,859.82 in legal fees and expenses in this cause. We resolve Graco's second issue against it.

▇▇▇ In its first issue, Graco challenges the sufficiency of evidence to support the court's finding CRC retained Chapman and agreed to pay his fees and expenses. This finding, even if erroneous, was not essential to the disposition of the case and, hence, does not constitute reversible error. *See Spencer v. Eagle Star Ins. Co.*, 876 S.W.2d 154, 157 (Tex.1994) (trial court may disregard jury finding if issue is immaterial). We resolve Graco's first issue against it.

### Statutory Indemnification

▇▇▇ In its third issue, Graco contends that, because State Farm actually incurred the legal expense in this action, State Farm is the real party in interest. Graco argues that, because State Farm is not a "seller" as defined in the indemnification statute, State Farm does not qualify for the statutory remedy. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 82.001(3) (Vernon 1997). Graco contends State Farm should be al-

lowed recovery only upon proving Graco's liability in the underlying product liability case, as was required under common law. Graco relies on *Trimble v. Itz*, in which an insurance company was not allowed to assume the consumer status of its subrogee for purposes of bringing a claim under the Texas Deceptive Trade Practices—Consumer Protection Act. *See Trimble v. Itz*, 898 S.W.2d 370, 372 (Tex.App.—San Antonio), *writ denied per curiam*, 906 S.W.2d 481 (Tex.1995).

Graco's argument is without merit. First, we note that the supreme court neither approved nor disapproved the court of appeals' discussion of the deceptive trade practices act in *Trimble*. *See Trimble*, 906 S.W.2d at 481. More importantly, the facts in this case are distinguishable. In the present case, the trial court awarded judgment to CRC, not to State Farm. State Farm's intervention was dismissed with prejudice. Although the San Antonio Court of Appeals determined in *Trimble* that the *intervenor* could not bring the DTPA claim, it did not preclude the *consumer* from bringing those claims. *See Trimble*, 898 S.W.2d at 372; *see also Henderson v. Cent. Power & Light Co.*, 977 S.W.2d 439, 444 (Tex.App.—Corpus Christi 1998, pet. denied).

[15] Moreover, we disagree with Graco's premise that the claim for attorney's fees necessarily belongs to State Farm. A claim for attorney's fees belongs to the litigant, not to his attorney. *Goodyear Tire & Rubber Co. v. Portilla*, 836 S.W.2d 664, 671 (Tex.App.—Corpus Christi 1992), *aff'd*, 879 S.W.2d 47 (Tex.1994); *see also Transp. Ins. Co. v. Franco*, 821 S.W.2d 751, 755–56 (Tex.App.—Amarillo 1992, writ denied) (although attorney's fees should be awarded to party rather than his attorney, defendant who has been ordered to pay attorney's fees has no standing to complain if fees are awarded directly to claimant's

attorney); *Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600, 603 (Tex.App.—Dallas 1990, no writ) (under Texas Civil Practice and Remedies Code section 38.001, attorney's fees are to be awarded to party, not to party's attorney). We likewise conclude, in this case, that the claim for attorney's fees belongs to CRC rather than to State Farm. We resolve Graco's third issue against it.

We affirm the trial court's judgment.