

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00109-CV

_____

IN THE MATTER OF THE MARRIAGE OF
BINNAABAH FORD AND JOE C. FORD

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 79,544

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Following a marriage of about thirty-one years, Joe C. Ford and Binnaabah Ford were divorced on April 29, 2013, after having been separated for a little over three years before entry of the divorce decree. About two months after entry of the decree of divorce, Binnaabah filed a petition for forfeiture wherein she alleged that Joe had not, during the divorce proceedings, disclosed to her all the income he had received for the three years immediately preceding the divorce. Binnaabah sought court-ordered forfeiture of that income to her. The trial court denied the requested relief. On appeal, Binnaabah argues the trial court abused its discretion in failing to order forfeiture of what Binnaabah asserts was undisclosed marital property (this being the income Joe received during the final three years of the marriage) and the failure of the trial court to reconstitute the marital estate. We affirm the trial court's ruling.

Commencing with Binnaabah's claim that the trial court failed to reconstitute the marital estate, we observe that this kind of relief is mentioned in Section 7.009 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 7.009 (West Supp. 2013). This statute provides a vehicle for a trial court to reconstitute a marital estate upon a finding by the trial court that a spouse has committed actual or constructive fraud on the community. *See id*. However, no such finding on that issue was made by the trial court because Binnaabah did not seek reconstitution of the estate under Section 7.009 and never clearly and unequivocally alleged a fraud on the community; her petition only asked for forfeiture of the named income and cited Section 9.201 of the Texas Family Code. She made no allegation or request for relief under Section 7.009, either in her pleadings or in her argument to the trial court. Accordingly, we determine that this issue was not

2

presented to the trial court and, hence, not preserved for appellate review. *See* TEX. R. APP. P. 33.1.

The Texas Family Code provides a procedure for division of community property not previously divided by the decree of divorce. *See* TEX FAM. CODE ANN. §§ 9.201, 9.203 (West 2006); *see generally O'Carolan v. Hopper*, 414 S.W.3d 288, 312–13 (Tex. App.—Austin 2013, no pet.) (discussing purpose of Sections 9.201 and 9.203).

Binnaabah's petition for forfeiture included a copy of an Internal Revenue Service (IRS) tax transcript, which stated that in the years 2010, 2011, and 2012, Joe had received Social Security income and income from a pension as follows:

| | | |
|---|---|---|
| 2010 | taxable pension: | $26,942.00 |
| 2010 | Social Security benefits: | $17,316.00 |
| 2011 | taxable pension: | $27,468.00 |
| 2011 | Social Security benefits: | $17,316.00 |
| 2012 | taxable pension: | $21,469.00 |
| 2012 | Social Security benefits: | $17,940.00 |

At the hearing on Binnaabah's petition, Joe agreed that he had received the above amounts. Binnaabah also elicited testimony that Joe had received $4,200.00 in annuity payments from September 2012 through April 2013. Joe also testified that $7,000.00 in tax penalties due to the IRS had accrued, which he had paid down by applying the previous two year's refunds. Joe further testified that, despite this pay down, there still remained between $2,500.00 and $2,800.00 owed in penalties to the IRS.

Binnaabah's petition for forfeiture asked the court to order Joe to forfeit the Social Security and pension income he had received from 2010 through 2012; the petition did not ask for any specific amount of forfeiture. At the hearing, Binnaabah argued that Joe had received

$75,879.00 and asked the court to award her one-half of that amount. In the alternative, she asked that the trial court extinguish the $25,000.00 payment she owed Joe as a term of the divorce decree.[1]

Two weeks after the hearing, the trial court denied Binnaabah's request for relief in a letter-order (which we and the parties treat as a final order disposing of Binnaabah's claim for relief):

> On July 17, 2013, Ms. Ford elicited testimony of what Mr. Ford earned in the latter years of their marriage. What the evidence did was not show is [sic] what of those earnings remained at the time of the divorce, or that those earnings were spent other than for the benefit of the community.
>
> The Court cannot divide property that it's unsure even existed at the time of divorce, or now exists.
>
> There are no pleadings or evidence for the Court to cancel the $25,000.00 LIEN held by Mr. Ford, and payable to [Mr.] Ford.
>
> All of the relief sought by Ms. Ford is denied.

The record supports the trial court's ruling. There was no testimony suggesting any of the discussed income was still held by Joe. Joe testified that during the three years the parties were separated, he "was continually helping to support Ms. Ford"; Joe said he paid some of Binnaabah's debts, supplied a new transmission and repaired the lights on her truck, as well as "numerous other things." Binnaabah did not contradict this testimony.

We review the trial court's ruling for an abuse of discretion. *Lucy v. Lucy*, 162 S.W.3d 770, 774 (Tex. App.—El Paso 2005, no pet.) ("Most of the appealable issues in a family law case

---

[1]This amount reflected an award to Joe to more equally divide the community estate after Binnaabah was awarded the family home and real property.

4

are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or petition, conservatorship, visitation, or child support."). An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators*, *Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985). In determining whether an abuse of discretion has occurred, we view the evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment. *In re J.I.Z.*, 170 S.W.3d 881, 883 (Tex. App.—Corpus Christi 2005, no pet.) (citing *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

There was no evidence whether any of the income Joe received during the parties' separation was still on hand at the time of their divorce or the filing of Binnaabah's petition. Joe did offer testimony that he had continued to help Binnaabah financially during the separation. With no evidence any of the income was still on hand at the time of the divorce, there is nothing establishing the existence of property not disposed of in the divorce decree, as contemplated by Section 9.203 of the Texas Family Code. Additionally, there was no basis to support any forgiveness of the debt awarded to Joe as secured by a lien imposed on the real property set aside to Binnaabah. Viewed in a light most favorable to the trial court's ruling, we find no abuse of discretion.[2]

---

[2]We also take note that Social Security benefits are not subject to division under community property laws. 42 U.S.C.A. § 407 (2003) (West, Westlaw current through Mar. 25, 2004); *see also Granger v. Granger*, 236 S.W.3d 852, 857 (Tex. App.—Tyler 2007, pet. denied). We are not persuaded by Binnaabah's argument that "in determining the division of assets, the common meaning of income should include social security benefits received in the course of the marriage and should be considered in determining assets available to a spouse in connection with a just and right division of the community estate." This is not an appeal of the trial court's just and right division of property in the decree. *See* TEX. FAM. CODE ANN. § 7.001 (West 2006).

We affirm the trial court's ruling.



Bailey C. Moseley
Justice

Date Submitted:    April 28, 2014
Date Decided:      May 22, 2014