

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00488-CV

———————————————

WILLIAM BATES, Appellant

V.

MELINDA BATES, Appellees

---

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 22-5647-481

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

Appellant William Bates (Husband) appeals from a divorce decree dissolving his marriage to appellee Melinda Bates (Wife). In three issues, Husband argues that the trial court erred by (1) dividing the marital estate without addressing his union retirement benefits, (2) dividing the marital estate despite having insufficient evidence regarding the value of certain assets, and (3) valuing Husband's nonretirement union benefits at zero dollars even though there was purportedly no evidence to support this valuation. Because the record reflects the trial court's clear and unambiguous intent to award Husband all of his retirement benefits and because Wife acknowledges that the trial court awarded Husband all of his retirement benefits and suggests that we reform the decree to accurately reflect this award, we sustain Husband's first issue and modify the decree to reflect the union retirement benefits as an asset awarded to Husband. Overruling the remainder of Husband's issues, we affirm the decree in all other respects.

## I. BACKGROUND

Husband and Wife married in 2006 and have two children. During the marriage, Wife worked as a financial advisor, and Husband worked sporadically in construction. The marriage suffered as Husband became addicted to methamphetamines and spent hundreds of dollars on drugs.

In July 2022, Wife filed for divorce on the grounds that Husband had, among other things, committed adultery and treated her cruelly. Shortly thereafter, Husband

filed a counterpetition.

The divorce case proceeded despite Husband's roughly six-month incarceration from August 2022 to February 2023, and a final trial was held in April 2023. Both parties presented evidence regarding their assets and arguments regarding how the community estate should be divided. In June 2023, the trial court issued its ruling with respect to the property division.[1] As relevant here, the court awarded Husband his "Local 3 Operating Engineers" benefits,[2] which the court listed as having an "[u]nknown" value, and certain real property located in Sun Valley, Nevada.

After the trial court issued its ruling regarding the property division, Husband notified the court that "there could be some issues." Accordingly, in August 2023, the trial court held a brief hearing to explain its rationale for the property division and to give the parties a chance to raise any issues that needed to be addressed. At this

---

[1]According to Wife, the trial court issued its property-division rendition via email, but this email does not appear in the clerk's record. However, as Wife acknowledges, a copy of the court's emailed property division is included in the clerk's record as an attachment to Husband's motion to reconsider and reopen evidence. We note that a trial court's private email communicating its decision to the parties—even if it is subsequently attached as an exhibit to a party's pleading—does not constitute a rendition of judgment. *Baker v. Bizzle*, 687 S.W.3d 285, 294 (Tex. 2024). But because both parties have referred to the June 2023 email as the trial court's property-division ruling and because the email's status as a true rendition has no bearing on our resolution of this appeal, *see infra* note 5, we will refer to the June 2023 email as the trial court's property-division ruling for consistency and ease of communication.

[2]At trial, Husband described these benefits as a "pension." But the trial court's property division classified them as "[u]nion [b]enefits," not retirement benefits.

hearing, the trial court explained its division of the parties' retirement benefits as follows:

> I awarded [Wife] all of her retirement benefits. I awarded [Husband] all of his retirement benefits. He never gave a number in testimony of what those benefits added up to; however, he said, if he were to take it out now, which there would be a penalty for, but if he took it out now, he would be getting $2,000 a month. And that's how I considered that.

Thus, the trial court made it clear that it had intended to award both parties all of their own retirement benefits.

Husband then filed a motion to reconsider the property-division ruling and reopen evidence. Although Husband alleged that the property division was "extremely disproportionate" and identified a number of purported inequities and unaddressed issues, he did not specify what evidence, if any, he had that would justify granting his requested relief.

In October 2023, Wife filed a motion to enter a final divorce decree. Wife attached a proposed decree to the motion. The proposed decree awarded Husband "[a]ll *nonretirement* benefits arising out of [his] membership in the Local 3 Operating Engineers," but it was silent regarding any *retirement* benefits arising out of this membership. [Emphasis added.] Husband filed a competing motion to enter his own proposed divorce decree. Notably, Husband's proposed decree included the exact

same language as Wife's regarding the award of his Local 3 Operating Engineers benefits.[3]

On December 15, 2023, the trial court held a hearing on Husband's motion to reconsider as well as the parties' motions to enter their proposed divorce decrees. After denying Husband's motion to reconsider, the trial court heard arguments regarding the parties' proposed divorce decrees. At no point during the hearing did Husband object to the language in Wife's proposed decree concerning the award of his Local 3 Operating Engineers benefits. After hearing the parties' arguments, the trial court rejected Husband's proposed language and granted Wife's motion to enter her proposed decree. The trial court signed the final decree that same day. Husband promptly requested findings of fact and conclusions of law pursuant to Texas Rules of Civil Procedure 296 and 297,[4] and the trial court ultimately issued its findings and conclusions in February 2024. Husband did not object to any of the trial court's findings or request additional ones. This appeal followed.

---

[3]The most significant difference between Husband's and Wife's proposed decrees was Husband's inclusion of proposed language concerning his reimbursement claim against Wife's separate estate. But this proposed language has nothing to do with the issues Husband raises on appeal.

[4]Husband did not request findings under Family Code Section 6.711. *See* Tex. Fam. Code Ann. § 6.711.

## II. DISCUSSION

### A. Failure to Address Local 3 Operating Engineers Retirement Benefits

In his first issue, Husband contends that the trial court erred by failing to address his Local 3 Operating Engineers retirement benefits in the divorce decree. Husband posits that this was "likely [a] mistake" given the trial court's statement that it had "awarded [Husband] all of his retirement benefits." Wife acknowledges that "[t]he trial court awarded Husband all of his retirement benefits" and suggests that we reform the decree to reflect these benefits as an asset awarded to Husband. Because the record reflects that the omission of Husband's retirement benefits was a clerical error, we agree that modification of the decree is appropriate.

"A clerical error is one that results from an inaccurate recording of the court's decision" such that "the signed judgment inaccurately reflects the true decision of the court." *Andrews v. Koch*, 702 S.W.2d 584, 585–86 (Tex. 1986); *In re S.D.*, No. 02-10-00221-CV, 2011 WL 3847440, at *3 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.); *see Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013). A judicial error, in contrast, "stems from a legal or factual mistake that requires judicial reasoning to correct." *In re J.S.*, No. 02-19-00231-CV, 2019 WL 5655254, at *3 (Tex. App.—Fort Worth Oct. 31, 2019, pet. denied) (mem. op.); *see Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986) (clarifying that "a clerical error [is one] made in *entering* final judgment" while "a judicial error [is one] made in *rendering* a final judgment"). "A judgment nunc pro tunc can correct a clerical error in the

6

original judgment, but not a judicial one." *Tex. Dep't of Transp.*, 397 S.W.3d at 167; *see* Tex. R. Civ. P. 316, 329b(f) (providing that "the [trial] court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316"); *Escobar*, 711 S.W.2d at 231 (recognizing that after a trial court loses jurisdiction over a judgment, "it can correct only clerical errors in the judgment by judgment nunc pro tunc"). Likewise, an appellate court has the power to modify a judgment to correct a clerical error "where the evidence necessary to correct the judgment appears in the record." *Jordan-Nolan v. Nolan*, No. 07-12-00431-CV, 2014 WL 3764509, at *3 (Tex. App.—Amarillo July 28, 2014, no pet.) (mem. op.) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see In re R.H.*, No. 02-20-00396-CV, 2021 WL 2006038, at *8 n.8 (Tex. App.—Fort Worth May 20, 2021, no pet.) (mem. op.) (modifying judgment to correct clerical errors).

Here, the record reflects that the trial court made a clerical error when it awarded Husband "[a]ll nonretirement benefits arising out of [his] membership in the Local 3 Operating Engineers" but failed to address his retirement benefits arising out of this same membership. The trial court stated clearly and unambiguously that it "awarded [Husband] all of his retirement benefits."[5] Thus, it is evident that the

---

[5]This oral statement at the August 2023 hearing—which took place more than four months before the final decree was signed—made clear the trial court's intent to award Husband all of his retirement benefits. *See Brim Laundry Mach. Co. v. Washex Mach. Corp.*, 854 S.W.2d 297, 300 (Tex. App.—Fort Worth 1993, writ denied) (op. on reh'g) ("[T]he trial court's intent is relevant when determining whether there was a clerical error."). Thus, regardless of whether the trial court's June 2023 email to the

decree inaccurately reflects the trial court's true decision.[6] *See Andrews*, 702 S.W.2d at 585–86. Accordingly, we sustain Husband's first issue and modify the decree to reflect that Husband was awarded all retirement and nonretirement benefits arising out of his membership in the Local 3 Operating Engineers. *See Jordan-Nolan*, 2014 WL 3764509, at *3.

## B. Property Division

In his second issue, Husband contends that the trial court erred by dividing the marital estate without placing specific values on (1) Husband's retirement and nonretirement benefits arising out of his membership in the Local 3 Operating Engineers or (2) the Sun Valley property. We disagree.

### 1. Applicable Law and Standard of Review

Considering both parties' rights, a trial court is charged with dividing the community estate in a "just and right" manner. Tex. Fam. Code Ann. § 7.001; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.). But a

---

parties constituted a true rendition, *see supra* note 1, the record shows that the decree inaccurately reflects the trial court's intended property division. *See id.*; *see also Andrews*, 702 S.W.2d at 585–86.

[6]We note that the mere fact that Wife's attorney drafted the decree does not preclude the error from being clerical in nature. *See Ramirez v. Ramirez*, No. 03-18-00200-CV, 2019 WL 1561812, at *5 (Tex. App.—Austin Apr. 11, 2019, no pet.) (mem. op.); *see also Newsom v. Petrilli*, 919 S.W.2d 481, 483 (Tex. App.—Austin 1996, no writ) (rejecting interpretation of opinion in *Dikeman v. Snell*, 490 S.W.2d 183 (Tex. 1973), that would support proposition that "error made in a judgment prepared by an attorney becomes 'judicial' error when that judgment is entered by the court" because that interpretation "would eliminate any possibility of clerical error, since almost all judgments today are drafted by the successful attorney for the judge's signature").

property division need not be equal to satisfy the just-and-right standard. *See In re Marriage of Mozley*, No. 06-16-00004-CV, 2016 WL 4256926, at *3 (Tex. App.—Texarkana Aug. 12, 2016, no pet.) (mem. op.).

"Because the standards for dividing a community estate involve the exercise of sound judgment, a trial court must be accorded much discretion in its decision." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" *Id.* (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex. 1923)). "The appellate court cannot merely reweigh the evidence." *Id.* "Accordingly, we will reverse the trial court's judgment only where it 'clearly abused its discretion and if the error materially affects the court's just and right division of the property.'" *In re Marriage of Williams*, No. 06-18-00041-CV, 2018 WL 6424245, at *4 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (mem. op.) (quoting *Bigelow v. Stephens*, 286 S.W.3d 619, 620 (Tex. App.—Beaumont 2009, no pet.)). "Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion, but they are not independent grounds of error." *Id.* at *4 n.7 (citations omitted). "If there is any reasonable basis for doing so, we must presume that the trial court properly exercised its discretion." *Id.* at *4.

"The party complaining of the trial court's property division must demonstrate from evidence in the record that the division was so unjust that the trial court abused

9

its discretion." *Id.* "In determining whether an abuse of discretion has occurred, we view the evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment." *In re Marriage of Ford*, 435 S.W.3d 347, 350 (Tex. App.—Texarkana 2014, no pet.).

### 2. Analysis

In his second issue, Husband essentially argues that the trial court abused its discretion by dividing the community estate because it lacked sufficient evidence to determine the values of Husband's Local 3 Operating Engineers benefits and the Sun Valley property. But Husband is precluded from complaining on appeal about the trial court's failure to determine the values of either of these assets.

Regarding the Sun Valley property, Husband never complained to the trial court about its failure to value this asset—much less how this failure impacted the justness and rightness of the trial court's property division. He did not address the Sun Valley property's valuation in his motion to reconsider the trial court's property division or in his motion to enter his proposed final divorce decree, nor did he request any additional findings of fact to address the Sun Valley property's value.[7] Having failed to raise this issue in the trial court, he has failed to preserve it for our review. *See* Tex. R. App. P. 33.1(a); *Ward v. Ward*, No. 04-12-00703-CV, 2014 WL 470153, at *2 (Tex. App.—San Antonio Feb. 5, 2014, pet. denied) (mem. op.)

---

[7]Further, as noted above, Husband did not request characterization or valuation findings under Family Code Section 6.711. *See supra* note 4.

(concluding that appellant had failed to preserve appellate complaints for review because he "did not raise the same objections before the trial court"); *see also In re Marriage of Mann*, No. 13-21-00442-CV, 2023 WL 403004, at *8 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2023, no pet.) (mem. op.) (holding that wife had waived appellate complaint regarding the lack of evidence of a community asset's value where the trial court had not assigned a value to the asset in the final decree or made a specific finding regarding the asset's value because wife had failed "to request that the trial court supplement its findings to include such a valuation").

Although Husband addressed the trial court's failure to value his Local 3 Operating Engineers benefits in his motion to reconsider, he is nevertheless precluded from complaining on appeal about the trial court's failure to value this asset. Because each spouse bears the responsibility to provide the trial court with sufficient evidence of the value of the community estate to enable the court to make a just-and-right division, *see Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ), a spouse who does not present evidence regarding the value of property to be divided may not complain on appeal that the trial court lacked sufficient information to properly divide the estate, *see In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 385 (Tex. App.—Dallas 2013, no pet.); *Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.) (op. on reh'g). Here, Husband presented only minimal evidence regarding the value of his Local 3 Operating Engineers benefits, testifying that he was currently

11

entitled to receive a pension of approximately $2,000 per month at retirement but that "[i]t doesn't mature until you get . . . closer to retirement," so "[r]ight now," the benefits are worth "almost nothing" because he would be heavily penalized for withdrawing funds before he reached retirement age. Having failed to present more comprehensive evidence at trial regarding the value of these benefits, Husband cannot use this lack of evidence as the basis for an appellate attack on the justness and rightness of the trial court's property division.[8] *See Marriage of C.A.S. & D.P.S.*, 405 S.W.3d at 385; *Deltuva*, 113 S.W.3d at 887; *see also In re Marriage of Lewis*, No. 06-19-00046-CV, 2020 WL 34919, at *5 (Tex. App.—Texarkana Jan. 3, 2020, no pet.) (mem. op.) (holding that appellant who "introduced no evidence of how much money was in her retirement account or her income earnings versus [her husband's] income earnings during the marriage" could not "use her failure to present evidence at trial to argue that the trial court's award to each party of its own retirement account was unjust").

Accordingly, we overrule Husband's second issue.

---

[8]Husband argues that because the record contains *no evidence* regarding the value of his nonretirement benefits in the Local 3 Operating Engineers, this case fits within an exception to the default rule precluding him from complaining on appeal that the trial court lacked sufficient information to properly divide the estate. *See Tran v. Vinh Van Hoang*, No. 08-22-00100-CV, 2023 WL 4441138, at *4 (Tex. App.—El Paso July 10, 2023, no pet.) (mem. op.). But as noted, Husband testified that his benefits were worth "almost nothing" until he reached retirement age. This testimony constitutes some evidence to support the trial court's zero-dollar valuation of Husband's nonretirement benefits in the Local 3 Operating Engineers.

**C. Valuation of Nonretirement Benefits in the Local 3 Operating Engineers**

In his third issue, Husband argues that the trial court abused its discretion by valuing his nonretirement benefits in the Local 3 Operating Engineers at zero dollars even though there was purportedly no evidence to support this valuation. This argument lacks merit.

First, as noted, Husband testified that his benefits were worth "almost nothing" until he reached retirement age. Thus, the record contains at least some evidence to support the trial court's zero-dollar valuation. *See Knight v. Knight*, 301 S.W.3d 723, 728 (Tex. App.—Houston [14th Dist.] 2009, no pet.). ("A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature to support the decision." (citing *LaFrensen v. LaFrensen*, 106 S.W.3d 876, 877 (Tex. App.—Dallas 2003, no pet.))).

Second, even if the trial court's zero-dollar valuation were based on insufficient evidence, Husband cannot show that he was harmed by it. *See Wheeling v. Wheeling*, 546 S.W.3d 216, 224 (Tex. App.—El Paso 2017, no pet.) (clarifying that "[i]f . . . an appellant is challenging the sufficiency of the evidence to support the trial court's valuation of a particular asset," he must show not only that the valuation was erroneous but also "that the error was harmful"). Since the trial court awarded Husband his nonretirement benefits in the Local 3 Operating Engineers, he could only have been harmed if these benefits were overvalued, not undervalued. If the nonretirement benefits' actual value exceeds the trial court's valuation, then that

would mean that Husband was served too large a slice of the community pie, not too small a slice. *See id.* (explaining that to show harm from a valuation error, an appellant should argue "that because of the . . . error, the size of the community pie was underestimated; as a result, the division of the community estate was manifestly unjust and [appellant] was served too small a slice"). Because the trial court valued Husband's nonretirement benefits at zero dollars, they could only have been undervalued, not overvalued.[9] Thus, even if we were to assume that the valuation was erroneous, Husband cannot show harm.

Accordingly, we overrule Husband's third issue.

### III. CONCLUSION

Having sustained Husband's first issue, we modify the divorce decree to reflect Husband's retirement benefits arising out of his membership in the Local 3 Operating Engineers as an asset awarded to Husband. Having overruled Husband's remaining issues, we affirm the divorce decree in all other respects.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: November 27, 2024

---

[9]Nothing in the record suggests that Husband's nonretirement union benefits might have a negative value.

14