

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00235-CV

———————————————

AUSTIN PARIS, Appellant

V.

ALEXANDRA PARIS, Appellee

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 23-9180-442

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Austin Paris (Husband), acting pro se, appeals from a divorce decree dissolving his marriage to appellee Alexandra Paris (Wife).[1] In what amounts to three issues,[2] Husband argues that the trial court abused its discretion by (1) restricting his possession of and access to the couple's children because the record contains no evidence that he has committed family violence against the children or poses a present danger to them and because the trial court's findings that he has a history or pattern of alcohol and substance abuse are not supported by the record, (2) awarding Wife $37,738.59 in attorney's fees,[3] and (3) awarding Wife a $10,000.00 judgment against

---

[1]The divorce decree changed Wife's name to Alexandra Wood. But because the decree was styled using her married name, we likewise use her married name. *See, e.g., Mamoe v. Mamoe*, No. 03-23-00258-CV, 2024 WL 4137329, at *1 n.1 (Tex. App.—Austin Sept. 11, 2024, no pet.).

[2]Husband filed an opening brief and a supplemental brief. In his supplemental brief, Husband enumerates six issues. But because his first four issues all pertain to the overarching issue of whether the trial court abused its discretion by limiting his possession and access to the couple's children, we will treat these issues as a single complaint. *See In re K.G.*, No. 02-23-00180-CV, 2024 WL 273505, at *2 n.2 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (treating several of appellant's enumerated appellate issues as a single complaint because they "all present[ed] the same legal question").

[3]The decree also awarded Wife a judgment against Husband in the amount of $8,509.50 for unpaid attorney's fees that the trial court had previously assessed at a hearing on Wife's motion to enforce certain child-support and other temporary orders. But Husband does not challenge this judgment on appeal.

him for damage that he caused to a community-owned vehicle that was awarded to Wife.[4] For the reasons set forth below, we will affirm.

## I. BACKGROUND

Husband and Wife married in May 2019; they have three children (the Children). In October 2023, the couple separated, and Wife filed a petition for divorce and an application for a protective order. In her petition (as subsequently amended), Wife alleged that Husband had "a history or pattern of committing family violence during the two-year period preceding" the divorce case's filing and that he had a history of alcohol abuse. Based on these allegations, she requested that she be

---

[4]All of Husband's issues suffer from some degree of inadequate briefing. Thus, he has arguably forfeited all of his appellate issues. *See* Tex. R. App. P. 38.1(i); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (admonishing that the "[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal"); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (holding that pro se appellant had waived his issues by inadequate briefing); *cf. Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.) ("The law is well settled that '[a] party proceeding pro se must comply with all applicable procedural rules' and is held to the same standards as a licensed attorney." (quoting *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied))). Despite his inadequate briefing, we will address the merits of Husband's complaints to the extent possible. *See Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-CV, 2020 WL 6707561, at *5 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (Osborne, J., concurring) ("Appellate courts have the discretion to waive issues for inadequate briefing." (first citing *Fredonia State Bank*, 881 S.W.2d at 284; and then citing *Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019))); *cf. Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

appointed the Children's sole managing conservator and that Husband be denied access to them.

Husband filed both an answer generally denying Wife's allegations and a counterpetition for divorce. In his counterpetition (as subsequently amended), he requested that he and Wife be appointed as the Children's joint managing conservators.

In November 2023, the trial court heard Wife's protective-order application. After considering the evidence, the trial court found that Husband had committed family violence and was likely to do so again in the future. Based on these findings, it signed a protective order granting Wife exclusive possession of the Children and prohibiting Husband from, among other things, going within 500 feet of "any location" where Wife or the Children are known to be or "communicating in any manner" with them "except through [Wife's] attorney or AppClose."[5] Husband claims that he has not had any in-person contact with the Children since before the protective order was signed.

---

[5]Husband unsuccessfully challenged the protective order in a separate appeal. *See generally Paris v. Paris*, No. 02-25-00236-CV, 2025 WL 2679333 (Tex. App.—Fort Worth Sept. 18, 2025, no pet.). Although the present appeal concerns only the divorce proceeding, we take judicial notice of the record in the related appeal from the protective order. *See In re C.B.*, No. 02-25-00026-CV, 2025 WL 728233, at *2 n.6 (Tex. App.—Fort Worth Mar. 6, 2025, orig. proceeding [mand. denied]) (noting that appellate court may take judicial notice of record in prior related appeal); *Trevino v. Pemberton*, 918 S.W.2d 102, 103 n.2 (Tex. App.—Amarillo 1996, orig. proceeding) (recognizing that an appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties).

4

In December 2024, the trial court conducted a one-day bench trial in the divorce proceeding. Based on the evidence presented, the trial court signed a divorce decree that, among other things, named Wife the Children's sole managing conservator, named Husband a possessory conservator, awarded Wife the couple's 2015 Toyota Tundra as well as a $10,000.00 judgment against Husband for damage that he had caused to the vehicle, and awarded Wife $37,738.59 in attorney's fees. The decree explicitly states that it does not supersede the protective order and provides that "no in-person visitations between [Husband] and the [C]hildren shall occur until **All Protective Orders** against [Husband] in protection of [Wife and the Children] have expired[6] . . . and Husband has completed a . . . Batter[er]s Intervention and Prevention Program." The decree provides for scheduled electronic communication between Husband and the Children for fifteen minutes each Sunday; sets forth step-up procedures, including reunification therapy, that Husband must complete before being able to have unsupervised visits with the Children; and requires him to undergo drug and alcohol testing.

At Husband's request, the trial court issued findings of fact and conclusions of law. This appeal ensued.

---

[6]Following the bench trial, the trial court signed a modified final protective order that does not expire until December 13, 2026.

## II. DISCUSSION

## A. Restrictions on Husband's Rights to Possess and Access the Children

In what we deem to be Husband's first issue, he contends that the trial court abused its discretion by restricting his possession of and access to the Children because the record contains no evidence that he has committed family violence against them and because the trial court's findings that he has a history or pattern of alcohol and substance abuse are not supported by the record. We disagree.

### 1. Applicable Law and Standard of Review

We review a trial court's decisions on custody, control, possession, and visitation matters for an abuse of discretion. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.); *see also In re W.M.*, 172 S.W.3d 718, 724 (Tex. App.—Fort Worth 2005, no pet.) (reasoning that the trial court has "wide latitude in determining the best interests of a minor child"). To determine whether a trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *W.M.*, 172 S.W.3d at 725.

An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558

(Tex. 1995); *see Low*, 221 S.W.3d at 620. We must be cognizant that the trial court is in a better position to decide custody cases because "it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent." *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied).

A trial court is required to "consider the commission of family violence . . . in determining whether to deny, restrict, or limit the possession of a child by a parent who is appointed as a possessory conservator." Tex. Fam. Code § 153.004(c). A trial court "may not allow" a parent to have access to a child for whom "there is a history or pattern of committing family violence during the two years preceding the date of the filing of the suit or during the pendency of the suit" unless the trial court (1) "finds that awarding the parent access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child" and (2) "renders a possession order that is designed to protect the safety and well-being of the child and any other person who has been a victim of family violence committed by the parent." *Id.* § 153.004(d), (d-1). There "is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern of past or present . . . abuse or family violence by . . . that parent." *Id.* § 153.004(e).

The best interest of the child is always the primary consideration in determining issues of conservatorship and possession. *See id.* § 153.002. Accordingly, "[a] trial

court does not abuse its discretion in restricting a parent's possession when the record contains some evidence to support a finding that such restrictions are in the child's best interest." *Nikolenko v. Nikolenko*, No. 01-20-00284-CV, 2022 WL 479988, at *16 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, pet. denied) (citing *In re P.A.C.*, 498 S.W.3d 210, 219 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)); *see Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *W.M.*, 172 S.W.3d at 725.

### 2. Analysis

Here, the trial court determined that it was in the Children's best interests to prohibit Husband from having any in-person contact with them until the protective order expired; to allow only electronic communication between Husband and the Children in the interim; and to establish step-up procedures that Husband must complete, including reunification therapy, before he is allowed to have unsupervised visits with the Children. The trial court based this determination on Husband's "history or pattern of substance abuse, alcohol abuse[,] and committing family violence."

Husband argues that the trial court abused its discretion by restricting his rights to possess and access the Children because the record contains no evidence that he engaged in aggressive or physically abusive behavior towards them. But physical child abuse is not a prerequisite to the restriction of a parent's possession and access rights, and the record contains substantial evidence that Husband had committed acts of family violence towards Wife and that these acts had caused the Children to suffer

8

psychological harm. *See In re Marriage of Waters*, No. 07-25-00057-CV, 2025 WL 3223989, at \*3 (Tex. App.—Amarillo Nov. 18, 2025, no pet.) (affirming divorce decree's restrictions on wife's possession of and access to children because, inter alia, the record contained "a plethora of evidence of emotional abuse and developmental trauma suffered by the children at [her] hands"); *In re L.M.M.*, No. 03-04-00452-CV, 2005 WL 2094758, at \*11 (Tex. App.—Austin Aug. 31, 2005, no pet.) ("In light of the evidence that [appellant] had caused mental and emotional damage to her children over the last decade, it was reasonable for the trial court to determine that limitations needed to be placed on her rights of possession."). Specifically, the record includes the following:

- The testimony of the court-appointed psychological evaluator, Dr. Sandra Roland,[7] that she had reviewed and discussed with Husband certain videotapes provided by Wife and that these videotapes showed Husband's "violence[,] . . . inappropriate language," and "extreme

---

[7]In his opening brief, Husband argued that Dr. Roland should not have been allowed to testify because her testimony was "unreliable and inadmissible" under Rule 702 of the Texas Rules of Evidence and because Wife had not properly disclosed her as an expert. *See* Tex. R. Evid. 702; Tex. R. Civ. P. 194a.2(f). But Husband cited to nothing in the record showing that he had raised a Rule 702 complaint in the trial court or that he had requested Wife to designate and disclose information concerning testifying expert witnesses under procedural Rule 195a.1. *See* Tex. R. App. P. 33.1(a), 38.1(i); *see also* Tex. R. Evid. 702; Tex. R. Civ. P. 195a.1 (providing that in a suit governed by the Family Code, "[a] party may request another party to designate and disclose information concerning testifying expert witnesses only through . . . a disclosure request . . . or . . . a deposition or report permitted by this rule"). Husband did not address these arguments in his supplemental brief. Thus, we conclude that Husband has forfeited his complaints concerning Dr. Roland's testimony either by failing to preserve them or to adequately brief them. *See Huey*, 200 S.W.3d at 854.

aggression . . . in . . . situation[s] where the children were there witnessing it";

- Dr. Roland's testimony that even though the Children did not "actually receive[] any physical violence or aggression from [Husband]," they "were traumatized by the domestic violence within the home";

- Dr. Roland's report in which she noted that "the level of aggression" reflected in certain audio and video recordings provided by Wife "was very concerning" and opined that the recordings "may support a claim of psychological maltreatment in the home by [Husband]";

- Wife's testimony that Husband had "been abusive" multiple times throughout their marriage and that he had punched her and "slapped the s[**]t out of her"; and

- Wife's testimony describing an incident—part of which was captured on video—in which Husband strangled her, lunged at her, locked her out of their bedroom, and then forced her to get naked and perform oral sex on him while their one-year-old child was in the room.

Husband also argues that the trial court's findings that he has a history of substance and alcohol abuse are supported by insufficient evidence because the record contains no expert diagnosis, drug-test results, or other substance-abuse evaluation concluding that he has an alcohol- or substance-abuse disorder. But Husband cites no authority to support his contention that such evidence is required, *see* Tex. R. App. P. 38.1(i), nor are we aware of any such authority. Wife testified that Husband has "an alcohol problem," that he had been arrested for public intoxication, that she had seen him smoke marijuana, that she had witnessed him drink daily, and that he "get[s] violent" when he drinks. Thus, the record contains sufficient evidence to support the trial court's finding that Husband has a history or pattern of substance

10

and alcohol abuse.[8] *See Roa v. Roa*, 970 S.W.2d 163, 165 (Tex. App.—Fort Worth 1998, no pet.) ("Generally, there is no abuse of discretion when there is some evidence to support the trial court's finding on an issue of fact.").

Given the totality of the record, we conclude that there is some evidence to support the trial court's determination that restricting Husband's possession and access rights is in the Children's best interests. Therefore, the trial court did not abuse its discretion by imposing these restrictions. *See* Tex. Fam. Code § 153.004(c), (d), (d-1); *Nikolenko*, 2022 WL 479988, at *16; *P.A.C.*, 498 S.W.3d at 219–20; *see also Vanderbol v. Vanderbol*, No. 02-23-00230-CV, 2024 WL 1925141, at *10 (Tex. App.—Fort Worth May 2, 2024, pet. denied) (holding that trial court had not abused its discretion by restricting and conditioning appellant's rights to possess and access his child because the record contained some evidence that the restrictions were in the child's best interest).

We overrule Husband's first issue.

## B. Attorney's Fees

In what we deem to be Husband's second issue, he contends that the trial court abused its discretion by awarding Wife $37,738.59 in attorney's fees. We disagree.

---

[8]Husband also argues that there is nothing in the record showing that his alcohol or substance abuse "endangered the children" or "impaired his parenting." But, as noted, Wife testified that Husband's drinking had contributed to the violent behavior that had psychologically harmed the Children.

### 1. Applicable Law and Standard of Review

In a divorce proceeding, the trial court may award reasonable attorney's fees and expenses. Tex. Fam. Code § 6.708(c); *Walther v. Walther*, No. 02-25-00048-CV, 2026 WL 706435, at *12 (Tex. App.—Fort Worth Mar. 12, 2026, no pet. h.). We review a trial court's decision to make such an award for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see Seitz v. Seitz*, 608 S.W.3d 272, 279 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (recognizing that "[a] trial court has broad discretion in deciding whether to award reasonable attorney's fees" in a divorce case).

The reasonableness of the fees is a fact question and must be supported by the evidence. *Fuentes v. Zaragoza*, 555 S.W.3d 141, 172 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see Russell v. Russell*, 478 S.W.3d 36, 48 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the fact[]finder's."). "The party seeking the fees has the burden of proof and should address (1) the nature of the work, (2) who performed it and their respective rates, (3) when the services were performed, and (4) the number of hours worked." *Ralls v. Funk*, 592 S.W.3d 178, 187 (Tex. App.—Tyler 2019, pet. denied) (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012)). To be sufficient, the evidence must show the time spent on specific tasks. *See Long v. Griffin*, 442 S.W.3d 253, 254–255 (Tex. 2014).

## 2. Analysis

Husband challenges the attorney's fees award on several grounds, none of which has merit.

First, seizing on the trial court's statement that Wife's counsel's attorney's fees were not "segregated enough" to be "enforceable as child support" and would therefore "just" be awarded as "a judgment," Husband asserts that the divorce decree conflicts with the trial court's oral ruling by characterizing the attorney's fees as child support. But contrary to Husband's assertion, the divorce decree does not treat the challenged attorney's fees as child support. Rather—in accordance with the trial court's oral ruling—it merely awards Wife a judgment against Husband for the awarded fees.[9]

Second, Husband argues that the attorney's fees award was improper because Wife's father—who, according to Wife's testimony, had paid at least a portion of her attorney's fees—had actually incurred the fees. But Husband's argument conflates paying fees with incurring them. As the Texas Supreme Court has explained, a party incurs fees when an attorney provides legal services on her behalf. *See Graco, Inc. v. CRC, Inc. of Tex.*, 47 S.W.3d 742, 745 (Tex. 2001). Accordingly, a party may recover

---

[9]This judgment is separate and distinct from the additional judgment awarded to Wife for child-support arrearages.

13

attorney's fees even if someone else has paid them.[10] *See id.* at 745–46 (holding that collateral source rule applied to award of attorney's fees and upholding the award because the appellee had incurred the fees even though its insurer had paid them).

Finally, Husband argues that the record contains insufficient evidence to support the award of attorney's fees. But Wife's counsel submitted an affidavit and detailed billing records that, taken together, described the nature of the work performed, identified the professionals who performed the work and their respective billing rates, showed when the work was performed, and reflected the total number of hours worked as well as the time spent on specific tasks. Accordingly, the record contains sufficient evidence to support the award of attorney's fees. *See Long*, 442 S.W.3d at 255; *Ralls*, 592 S.W.3d at 187.

We overrule Husband's second issue.

---

[10]Husband cites *Jackson v. Jackson*, 624 S.W.3d 630, 639 (Tex. App.—Houston [1st Dist.] 2021, no pet.), for the proposition that "[f]ees paid by a third party are not recoverable absent evidence that the party remains legally obligated to repay those fees." However, we have been unable to locate this case on Westlaw; thus, it appears to be either an incorrect or AI-hallucinated citation. To the extent that Husband argues that a party cannot recover attorney's fees that have already been paid, we reject that argument. *See Robertson v. Robertson*, 217 S.W.2d 132, 136–37 (Tex. App.—Fort Worth 1949, no writ) (affirming award of attorney's fees to appellee in divorce proceeding even though the "undisputed testimony show[ed] that she had already paid the fees at the time of trial"); *cf. Nova Cas. Co. v. Turner Constr. Co.*, 335 S.W.3d 698, 706 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (op. on reh'g) (holding that trial court had not abused its discretion by awarding prejudgment interest on the portion of awarded attorney's fees that appellee had already paid prior to the trial court's judgment).

## C. Judgment for Damages to Toyota Tundra

In what we deem to be Husband's third issue, he contends that the trial court abused its discretion in its division of the community estate by awarding Wife a $10,000.00 judgment for damage that he caused to the community-owned Toyota Tundra. We disagree.

### 1. Applicable Law and Standard of Review

Considering both parties' rights, a trial court is charged with dividing the community estate in a "just and right" manner. Tex. Fam. Code § 7.001; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.). But a property division need not be equal to satisfy the just-and-right standard. *See In re Marriage of Mozley*, No. 06-16-00004-CV, 2016 WL 4256926, at *3 (Tex. App.—Texarkana Aug. 12, 2016, no pet.) (citing *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981)).

"Because the standards for dividing a community estate involve the exercise of sound judgment, a trial court must be accorded much discretion in its decision." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" *Id.* (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex. 1923)). "The appellate court cannot merely reweigh the evidence." *Id.* Rather, "we view the evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment." *In re Marriage of Ford*, 435 S.W.3d 347, 350 (Tex. App.—Texarkana 2014, no pet.).

Thus, while "legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion, . . . they are not independent grounds of error." *In re Marriage of Williams*, No. 06-18-00041-CV, 2018 WL 6424245, at *4 n.7 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (citations omitted); *accord Tran v. Nguyen*, 480 S.W.3d 119, 131 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature to support the property division. *Tran*, 480 S.W.3d at 131; *Williams v. Williams*, No. 2-06-143-CV, 2007 WL 79698, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d at 211 (Tex. 2002)).

### 2. Analysis

Husband argues that the record contains insufficient evidence to support the $10,000.00 judgment for damage that he caused to the Toyota Tundra because the repair invoice that Wife offered into evidence reflected total charges of only $4,061.26. But Wife testified that the invoice did not cover the full extent of the damage and that Husband had further diminished the vehicle's value by removing various off-road parts, including a winch, "some low bars[,] and some light bars." She estimated that the full extent of the repair costs and diminution in value was approximately $10,000.00. *Cf. Reid Road Mun. Utility Dist. No. 2 v. Speedy Stop Food Stores, Ltd.,* 337 S.W.3d 846, 852–53 (Tex. 2011) ("Generally, a property owner is qualified to testify to the value of her property even if she is not an expert and would not be qualified to testify to the value of other property." (citing *Porras v. Craig,*

675 S.W.2d 503, 504 (Tex. 1984))). Thus, the record contains some evidence of a substantive and probative nature to support the $10,000.00 judgment; accordingly, we cannot conclude that it constitutes an abuse of discretion. *See Tran*, 480 S.W.3d at 131; *Williams*, 2007 WL 79698, at \*1.

We overrule Husband's third issue.[11]

## III. CONCLUSION

Having overruled all of Husband's issues, we affirm the trial court's divorce decree.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: June 25, 2026

---

[11]In Husband's original brief, he complained that the trial court had improperly divested him of his separate property because certain parts that he had purportedly purchased prior to marriage had been placed on the Toyota Tundra, which was awarded to Wife. But he did not address this argument in his supplemental brief, and the supporting record citations that he included in his original brief fail to demonstrate the parts' separate character. Accordingly, we hold that Husband has forfeited this complaint due to inadequate briefing, *see* Tex. R. App. P. 38.1(i); *Huey*, 200 S.W.3d at 854, and has not carried his burden to show that the parts were his separate property.

Additionally, in his original brief, Husband complained that the trial court failed to compensate him for Wife's having purportedly committed "constructive fraud" by selling a community-owned pet without his consent. However, Husband did not address this complaint in his supplemental brief, and his original brief contains no record citations showing that he raised it in the trial court. *See* Tex. R. App. P. 33.1(a), 38.1(i). Accordingly, we conclude that Husband has forfeited this complaint either by failing to preserve it or by failing to adequately brief it.